# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| MARVIN LEE HEIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAM OLENS; STATE OF GEORGIA; | ) | Case No. CV416-032 |
| WARDEN WALTER BERRY; and | ) | |
| THE GEORGIA INNOCENT | ) | |
| PROJECT, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Inmate Marvin Height, proceeding *pro se*, has filed a 42 U.S.C. §

1983 complaint that seeks to have DNA testing done "that will exonerate

him" for a 2005 state murder conviction. Doc. 1 at 7. Preliminary

review shows that his case must be dismissed as an unauthorized second

or successive 28 U.S.C. § 2254 petition.[1]

---

[1] Height moves for leave to proceed *in forma pauperis* ("IFP"). Doc. 2. That motion is **DENIED AS MOOT**. Still, it allows the Court to screen this case pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of IFP complaints that are frivolous, malicious, or fail to state a claim. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners against government officials and dismiss claims that are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief). Even if it didn't, the Court would screen Height's filing pursuant to Rule 4 of the Rules Governing 2254 Cases (which, as

Twice before, most recently last year, Height has sought to overturn his state murder conviction[2] pursuant to § 2254. *Height v. Berry*, CV315-090, doc. 1 (S.D. Ga. Oct. 29, 2015) (*"Berry"*); *Height v. McLaughlin*, CV309-064, doc. 1 (S.D. Ga. Sept. 11, 2009) (*"McLaughlin"*). Although *McLaughlin* addressed the merits of Height's claims, *Berry* dismissed his petition as second or successive. *Berry*, doc. 3. Apparently dissatisfied with that result, Height now asserts similar claims as in *Berry*, but within a § 1983 complaint.

That dog won't hunt because district courts must "ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement -- either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release,

discussed below, is what Height in substance has initiated by filing his Complaint), which requires dismissal of petitions that "plainly appear[]" to warrant no relief.

[2] *See Height v. State*, 281 Ga. 727 (2007).

even though such a claim may come within the literal terms of § 1983."); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015). Height, who, again, was convicted of murder following his 2005 trial, *see Height*, 281 Ga. at 727, seeks to overturn that conviction. He may not use § 1983 to accomplish that goal.

Because he's trod the habeas path before (and had a petition dismissed as successive before), the Court need not "Castro-warn"[3] him before construing his Complaint as a § 2254 petition. In fact, just being a repeat customer decides this case. *See Patterson v. Sec'y, Fla. Dep't of Corr.*, ___ F.3d ___, 2016 WL 370660 at * 1 (11th Cir. Jan. 29, 2016) ("Generally, subject to exceptions not relevant here, claims presented in a second or successive § 2254 petition are subject to dismissal."). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). District courts "lack[]

---

[3] *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("[W]hen a court recharacterizes a *pro se* litigant's motion as a first § 225[4] motion . . . [it] must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 225[4] motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 225[4] claims he believes he has.").

jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1 (S.D. Ga. Feb. 27, 2012) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir.1996) (emphasis in original)), *adopted by*, 2012 WL 1119761 (S.D. Ga. Apr. 3, 2012).

Because (1) in substance this is Height's *third* § 2254 petition, and (2) he never sought permission from the court of appeals to file it, "this Court is not at liberty to consider it." *Id.* Accordingly, his petition should be **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Proceedings Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to

the applicant.") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 2nd day of February, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA