# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MARVIN LEE HEIGHT,         )
                           )
    Plaintiff,           )
                           )
v.                         )
                           )     Case No. CV416-032
SAM OLENS, *et al.*        )
                           )
    Defendants.          )

## ORDER

Proceeding *pro se* and *in forma pauperis*, Marvin Height brings this civil rights action against the State of Georgia, the Georgia Innocence Project, Warden Walter Berry, and Attorney General of the State of Georgia Samuel Olens. He alleges the State and the Innocence Project conspired together to deny him the right to present DNA evidence at his motion for a new trial and that the defendants have worked in concert to suppress DNA evidence which they know would exonerate him. Doc. 1. Aside from these accusations, plaintiff's Complaint is bereft of any factual allegations whatsoever. The Court is screening his Complaint

under 28 U.S.C. § 1915.[1]

I. ANALYSIS[2]

Claims seeking post-conviction access to biological evidence for DNA testing purposes may be brought as a § 1983 action. *See Grayson v. King*, 460 F.3d 1328, 1336 (11th Cir. 2006) ("under some extraordinary circumstances, [plaintiffs] may be entitled to post-conviction access to biological evidence for the purpose of performing DNA testing" under § 1983); *Bradley v. Pryor*, 305 F.3d 1287, 1290 (11th Cir. 2002) (actions for access to biological evidence are properly brought as § 1983 claims, rather than habeas corpus proceedings). Plaintiff's claims may therefore proceed as a § 1983 action.

Though there is no hard litmus test for his claim, a plaintiff seeking biological evidence under § 1983 must establish that denial of such access

---

[1] The purpose of early screening is to "identify cognizable claims" in a prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. Therefore, the Court examines Plaintiff's Complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

2

"deprive[s] him of a federally protected right." *Grayson*, 460 F.3d at 1336. Liberally construed,[3] Height seeks to satisfy this requirement by contending that denial of access constitutes a violation of his rights under the due process clause of the Fourteenth Amendment. He must demonstrate that his case presents extraordinary circumstances (given that the evidence he seeks may no longer available), he was deprived of a fair trial, evidence of his guilt was otherwise weak, it is highly likely that the evidence he seeks would be exculpatory, and the evidence was material to his guilt or punishment, *see Bradley v. King*, 556 F.3d 1225, 1229 (11th Cir. 2009). Height has failed to allege sufficient facts to meet this burden.

Given that plaintiff is able to pursue a § 1983 claim, the Court will give him a chance to amend his Complaint to set forth facts sufficient to survive preliminary review on his claim for access to biological evidence. At a minimum, Height must provide the Court with enough facts to determine that he meets both the *Grayson* and *Bradley* requirements set forth above.

---

[3] *See Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014)).

To that end, plaintiff is **ORDERED** to file an Amended Complaint within 30 days of the day this Order is served or face a recommendation of dismissal. It must be complete and stand on its own (no incorporation of the prior Complaint is permitted) since it will supersede the original.[4] Put another way, the original pleading will no longer serve any function in this case once Height files his Amended Complaint. For that matter, it must contain facts sufficient to support *each* claim against *each* defendant. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain facts "sufficient to raise a right to relief above the speculative level"). Mere conclusions that defendants violated the law are not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Accordingly, plaintiff's "motion to begin process and procedures," doc. 10, is rendered moot and is **DENIED**. He must file his Amended Complaint within 30 days of the date this Order is served.

Meanwhile, it is time for Height to pay his filing fee. His PLRA paperwork reflects $177 in average monthly deposits and a $29.50

---

[4] *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").

average monthly balance over the six month period prior to the date of his Prison Account Statement. Doc. 13. He therefore owes a $ 35.00 initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $35.00 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED**, this  14th  day of September, 2016.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA