# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MARVIN LEE HEIGHT,            )
                              )
    Plaintiff,            )
                              )
v.                            )
                              )   Case No. CV416-032
SAM OLENS, *et al.*           )
                              )
    Defendants.           )

## ORDER

Proceeding *pro se* and *in forma pauperis*, Marvin Height has filed a civil rights action against the State of Georgia, the Georgia Innocence Project, Warden Walter Berry, and Attorney General of the State of Georgia Samuel Olens. He alleges the State and the Innocence Project conspired together to deny him the right to present DNA evidence at his motion for a new trial, and that the defendants have worked in concert to suppress DNA evidence which they know would exonerate him. Doc. 15 (amended complaint). Aside from these accusations, and despite the Court's admonition in giving him leave to amend, plaintiff's Amended Complaint remains heavy on conclusions and light on facts. The Court is

screening his Amended Complaint under 28 U.S.C. § 1915.[1]

I. ANALYSIS[2]

Claims seeking post-conviction access to biological evidence for DNA testing purposes may be brought as a § 1983 action. *See Grayson v. King*, 460 F.3d 1328, 1336 (11th Cir. 2006) ("under some extraordinary circumstances, [plaintiffs] may be entitled to post-conviction access to biological evidence for the purpose of performing DNA testing" under § 1983); *Bradley v. Pryor*, 305 F.3d 1287, 1290 (11th Cir. 2002) (actions for access to biological evidence are properly brought as § 1983 claims, rather than habeas corpus proceedings). As noted in the Court's order allowing plaintiff leave to amend, his claims *may* proceed as a § 1983 action -- not as a habeas action.[3]

---

[1] The purpose of early screening is to "identify cognizable claims" in a prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. Therefore, the Court examines Plaintiff's Complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

[3] In his Second Amended Complaint, plaintiff *does not* need to offer *any* discussion of whether his § 1983 claim is an unauthorized successive habeas motion. This is a

Though there is no hard litmus test for his claim, a plaintiff seeking biological evidence under § 1983 must establish that denial of such access "deprive[s] him of a federally protected right." *Grayson*, 460 F.3d at 1336. Liberally construed,[4] Height seeks to satisfy this requirement by contending that denial of access constitutes a violation of his rights under the due process clause of the Fourteenth Amendment. He has not, however, alleged sufficient *facts* to meet his burden.

The Court will give him another chance to set forth facts sufficient to survive preliminary review on his claim for access to biological evidence. Through *facts* -- not conclusions -- Height must demonstrate that his case presents: (1) extraordinary circumstances (given that the evidence he seeks may no longer available); (2) that he was deprived of a fair trial; (3) that evidence of his guilt was otherwise weak; (4) that it is highly likely that the evidence he seeks would be exculpatory; and (5) that the evidence was material to his guilt or punishment. *See Bradley v. King*, 556 F.3d 1225, 1229 (11th Cir. 2009). At a minimum,

---

§ 1983 action, not a habeas action, and therefore plaintiff does not need to worry about being procedurally barred under 28 U.S.C. § 2254.

[4] *See Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014)).

3

Height must provide the Court with enough facts to determine that he meets both the *Grayson* and *Bradley* requirements set forth above.

To that end, plaintiff is **ORDERED** to file a Second Amended Complaint within 30 days of the day this Order is served or face a recommendation of dismissal. It must be complete and stand on its own (no incorporation of a prior version is permitted) since it will supersede the originals.[5] Put another way, the prior pleadings will no longer serve any function in this case once Height files his Second Amended Complaint. For that matter, it must contain facts sufficient to support *each* claim against *each* defendant. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaints must contain facts "sufficient to raise a right to relief above the speculative level"). Mere conclusions that defendants violated the law are not enough. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to

---

[5] *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").

4

'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 555, 570).

**SO ORDERED**, this __18th__ day of October, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA