# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MARVIN LEE HEIGHT, )
)
    Plaintiff, )
)
v. )
) CV416-032
SAM OLENS, *et al*. )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Marvin Height has filed a civil rights action against the State of Georgia, the Georgia Innocence Project, Warden Walter Berry, and the Attorney General of the State of Georgia, Samuel Olens. This is his fourth attempt at stating a cognizable 42 U.S.C. § 1983 claim. Docs. 1, 15, 17, 18; *Height v. Olens*, 2016 WL 6133841 at * 1 (S.D. Ga. Oct. 19, 2016). He alleges that he is innocent of the crime for which he has been incarcerated, that untested exonerating DNA evidence exists, and that defendants conspired to suppress that exculpatory evidence. Doc. 18. *See also Height v. State of Georgia*, 281 Ga.

727 (2007).¹ The Court is screening his Amended Complaint under 28 U.S.C. § 1915.²

## I. Legal Standard

Claims seeking post-conviction access to biological evidence for DNA testing purposes may be brought as a § 1983 action. *Skinner v. Switzer*, 562 U.S. 521, 534-35 (2011); *see Grayson v. King*, 460 F.3d 1328, 1336 (11th Cir. 2006) ("under some extraordinary circumstances, [plaintiffs] may be entitled to post-conviction access to biological evidence for the purpose of performing DNA testing" under § 1983); *Bradley v. Pryor*, 305 F.3d 1287, 1290 (11th Cir. 2002) (actions for access to biological evidence are properly brought as § 1983 claims, rather than habeas corpus proceedings). Though

---

¹ As explained by the Georgia Supreme Court:

> Marvin Lee Height was convicted of murder in the January 2001 beating death of Lorange Wood. The crimes occurred on January 3, 2001. Height was indicted for murder by a Laurens County grand jury on October 2, 2001. The State initially notified Height of its intent to seek the death penalty; however, following interim review by this Court on an evidentiary matter, *see Height v. State*, 278 Ga. 592 (2004), the State withdrew its intent to seek the death penalty. A jury trial was held on March 14-18, 2005. Height was convicted and sentenced to life imprisonment. Height filed a motion for new trial on March 31, 2005, which was denied on June 30, 2006. On July 24, 2006, Height filed a timely notice of appeal. The appeal was docketed in [the Georgia Supreme Court] on August 16, 2006 and submitted for decision on the briefs.

*Height*, 281 Ga. at 727 n. 1.

² The purpose of early screening is to "identify cognizable claims" in a prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. Therefore, the Court examines plaintiff's Complaint to determine whether he has stated a § 1983 claim.

there is no hard litmus test for his claim, a plaintiff seeking biological evidence under § 1983 must establish that its denial "deprive[s] him of a federally protected right." *Grayson*, 460 F.3d at 1336.

## II. Analysis

Liberally construed,[3] Height's third amended complaint alleges that there is DNA evidence (a face mask was found at the scene that "would have shown a white race") which was available at the time of his trial, that defendants conspired to suppress that potentially exculpatory evidence, that he has requested that DNA evidence be analyzed at his motion for a new trial, that the State has refused to do so, and that the DNA evidence will prove his actual innocence and exonerate him of the charges for which he has been incarcerated. Doc. 18 at p. 5 ("had the State submitted DNA testing [of] the mask that the investigator found . . . it would have shown a white race [suspect]. The State fail[ed] to present this evidence. Had DNA been tested it would have proved that the investigator testimony could have been impeached."), p. 6 ("had sample of substance obtained from an autopsy of the (victim) and the victim cloths for DNA biological evidence asserting that such testing would tend establish his innocence."), p. 7

---

[3] *See Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014)).

3

("evidence of [his] guilt was otherwise weak" so suppression of the exonerating DNA evidence "was material to his guilt on punishment"). He also asserts an "extraordinary circumstance" exists -- "that the evidence I am seeking of DNA testing may no longer be available." *Id.* at p. 7. Based upon this string of keywords plucked from this Court's prior screening orders, Height concludes that he has "provided the court with enough facts to determine that he meet[s] both the *Grayson* and *Bradley* requirement[s]." *Id.*

Though Height has managed to supply enough information -- at least at the screening stage -- to state a claim for access to potentially exculpatory biological evidence, he has also supplied enough information to demonstrate that his § 1983 claim is time-barred. Height knew of the existence of the potentially exculpatory DNA evidence *at the latest* by January 22, 2008, when he filed a state habeas corpus petition in the Superior Court of Hancock County, alleging (among other things) that his trial counsel had provided ineffective assistance by failing to conduct independent DNA testing or move for post-conviction DNA testing of "several items collected during the investigation of the crime." *Height v. McLaughlin*, 2010 WL 4831577 (Oct. 26, 2010), *adopted* 2010 WL 4831221 (Nov. 22, 2010); *see Height v. Fraizer*, No. 08HC003 (Hancock Super. Ct. Feb. 12, 2009)

4

(denying habeas petition on the merits). Height did not file his § 1983 action until January 23, 2016 -- almost exactly 8 years later to the day. *See* doc. 1 (signature-filed). Georgia's statute of limitations is two years. *Thigpen v. Bibb County, Ga., Sheriff's Dep't*, 223 F.3d 1231, 1243 (11th Cir. 2000); O.C.G.A. § 9-3-33.[4] Plaintiff's claim is time-barred.[5]

## III. Conclusion

Height's third amended complaint should be dismissed as untimely. Doc. 18. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all

---

[4] "Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998). Federal law, however, determines when the statute of limitations begins to run. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Generally, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id*. at 561-62 (internal marks omitted).

[5] The "continuing violation" doctrine does not save Height's untimely complaint, though he remains incarcerated despite the alleged existence of exculpatory evidence. "The critical distinction in the continuing violation analysis . . . is whether the plaintiff[ ] complain[s] of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." *Knight v. Columbus, Ga.*, 19 F.3d 579, 580-81 (11th Cir. 1994) (internal marks omitted). Here, the defendants' alleged act (conspiring together to suppress and/or refuse to analyze DNA evidence that "could" have exonerated plaintiff) was a one-time act with continued consequences, and the limitations period is thus not extended.

parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

Meanwhile, it is time for plaintiff to pay his $350 filing fee. *See* doc. 11 (granting Height's motion to proceed *in forma pauperis*). His furnished account information shows that he has had a $29.50 average monthly balance and $177.00 in monthly deposits in his prison account during the past six months. Doc. 13. He therefore owes an initial partial filing fee of $35.40. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) also shall set aside 20 percent of all future deposits

to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

The Clerk is **DIRECTED** to send this Order to Height's account custodian immediately. In the event he is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED**, this ___1st___ day of December, 2016.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA