UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARVIN LEE HEIGHT, )
)
    Plaintiff, )
)
v. )
) CV416-032
SAM OLENS, *et al.* )
)
    Defendants. )

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Height's objection that the other evidence (the mask and "untested DNA") demonstrates his actual innocence, and thus surmounts the time-bar to his claims, is meritless. Docs. 25 & 26. As set forth by the Magistrate Judge:

> Height knew of the existence of the potentially exculpatory DNA evidence *at the latest* by January 22, 2008, when he filed a state habeas corpus petition in the Superior Court of Hancock County, alleging (among other things) that his trial counsel had provided ineffective assistance by failing to conduct independent DNA testing or move for post-conviction DNA testing of "several items collected during the investigation of the crime." *Height v. McLaughlin*, 2010 WL 4831577 (Oct. 26, 2010), *adopted* 2010 WL 4831221 (Nov. 22, 2010); *see Height v. Fraizer*, No. 08HC003

(Hancock Super. Ct. Feb. 12, 2009) (denying habeas petition on the merits). Height did not file his § 1983 action until January 23, 2016 -- almost exactly 8 years later to the day. *See* doc. 1 (signature-filed). Georgia's statute of limitations is two years. *Thigpen v. Bibb County, Ga., Sheriff's Dep't*, 223 F.3d 1231, 1243 (11th Cir. 2000); O.C.G.A. § 9-3-33.² Plaintiff's claim is time-barred.³

> FN2. "Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998). Federal law, however, determines when the statute of limitations begins to run. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Generally, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* at 561-62 (internal marks omitted).
>
> FN3. The "continuing violation" doctrine does not save Height's untimely complaint, though he remains incarcerated despite the alleged existence of exculpatory evidence. "The critical distinction in the continuing violation analysis . . . is whether the plaintiff[ ] complain[s] of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." *Knight v. Columbus, Ga.*, 19 F.3d 579, 580-81 (11th Cir. 1994) (internal marks omitted). Here, the defendants' alleged act (conspiring together to suppress and/or refuse to analyze DNA evidence that "could" have exonerated plaintiff) was a one-time act with continued consequences, and the limitations period is thus not extended.

Doc. 19 at 4-5. Height's "actual innocence" argument doesn't change the trigger-date for the statute of limitations -- he's known about this claim since 2008 and failed to come to this court until 2016. He's time-barred.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

**SO ORDERED**, this 11 day of July, 2017.

_____
LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA